FILED

JANUARY 22, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY DALE WIDNER, PRO SE, | § | |
| also known as JERRY WIDNER, | § | |
| also known as BEETLEJUICE, | § | |
| TDCJ-CID No. 1348765, | § | |
| Previous TDCJ-CID No. 404262, | § | |
| Previous TDCJ-CID No. 1173520, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0010 |
| | § | |
| ALEXANDRA AGUILAR, CO III, | § | |
| JOHN BRADLEY, JR., CO III, | § | |
| TIMOTHY WASHINGTON, Sargent, | § | |
| DENNIS WILSON, Lieutenant, | § | |
| and NFN McDUFFIE, Warden, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JERRY DALE WIDNER, acting pro se and while a prisoner confined in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that, on August 24, 2009, defendant AGUILAR ordered him to walk

downstairs even though he was in handcuffs and wearing wet shower shoes at the time.  He says

he told her he wanted to wait for a ranking officer to put on his boots, but she refused and told

him to go down the stairs.  He says he was unassisted and fell on the first step, falling down the

entire stairs.  Although plaintiff does not state he was injured in his complaint, plaintiff's

grievance attached thereto contains his statement that he hurt his legs, back, and shoulder.

Plaintiff alleges defendant Officer BRADLEY was present and "watched the entire incident."

Plaintiff further alleges defendant Sgt. WASHINGTON arrived after plaintiff's fall and lied to

defendant Lt. WILSON.  Plaintiff claims defendant WILSON came to see plaintiff in the

infirmary but did not investigate the incident, instead, he tried to intimidate plaintiff.  Lastly,

plaintiff alleges he wrote defendant Warden McDUFFIE several times but he did not investigate

the incident and has not stopped defendant AGUILAR from harassing plaintiff.

Plaintiff requests nominal damages of $1.00, compensatory damages of $100,000.00 and

punitive damages of $100,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.*

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To claim a violation of the Eighth Amendment, the prisoner must allege facts showing deliberate indifference on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994). Conduct which is merely negligent does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

To be clear, in the instant case, plaintiff does not allege AGUILAR pushed him down the stairs but that she ordered him to walk down the stairs while his hands were cuffed and he was wearing wet shower shoes. Accepting plaintiff's allegations as true, plaintiff has not alleged

facts which support a claim of deliberate indifference.  The facts plaintiff alleges might support a

claim of negligence, if that, but do not cross the thresholds separating the "conclusory" from the

"factual" and the "factually neutral" from the "factually suggestive" to show deliberate

indifference.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5,

167 L.Ed.2d 929 (2007).  Section 1983 imposes liability for deprivation of constitutionally

protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427,

1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-

67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).  Consequently, plaintiff's

claim against defendant AGUILAR lacks an arguable basis in law and is frivolous.  *Neitzke v.*

*Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's allegation against defendant BRADLEY, that he "stood by and watched the

entire incident" also failed to state a claim of constitutional dimension against this defendant.  To

the extent plaintiff is relying on a claim of negligence to state a claim under section 1983, this

claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109

S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff further claims defendant WASHINGTON lied about what happened and

defendant WILSON didn't actually investigate the incident but simply intimidated plaintiff.

Plaintiff has not identified the harm he suffered resulting from WASHINGTON's alleged lie or

WILSON'S failure to adequately investigate, but his grievance indicates he received a

disciplinary case based on the incident.  Assuming the receipt of that disciplinary case is the

harm plaintiff is attempting to allege, there is no longer a freestanding section 1983 claim for

malicious prosecution in the Fifth Circuit.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

4/10-0010                                          4

Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Lastly, plaintiff complains he wrote defendant Warden McDUFFIE several times but he did not investigate the incident and has not stopped defendant AGUILAR from harassing plaintiff. The Court notes defendant McDUFFIE responded to plaintiff's Step 1 grievance. To the extent plaintiff's against defendant McDUFFIE is that he failed to adequately investigate and satisfactorily resolve plaintiff's grievance, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g.*, *Murray v. Mississippi Dept. of Corrections,* 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff has not alleged how his letters gave defendant any further personal knowledge that created any additional duty on his part. Plaintiff's claim against defendant McDUFFIE lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

4/10-0010                                     5

Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff

JERRY DALE WIDNER be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND

WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN

BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of January, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In
the event parties wish to object, they are hereby NOTIFIED that the deadline for filing
objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly
above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or
transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on
or before the fourteenth (14th) day after this recommendation is filed** as indicated by the
"entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Report and Recommendation."  Objecting parties shall file the written objections with the United
States District Clerk and serve a copy of such objections on all other parties.  A party's failure to
timely file written objections to the proposed findings, conclusions, and recommendation
contained in this report shall bar an aggrieved party, except upon grounds of plain error, from
attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and
recommendation set forth by the Magistrate Judge in this report and accepted by the district
court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996);
*Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).